AMIN TALATI WASSERMAN, LLP
William P. Cole, Bar No. 186772
Matthew R. Orr, Bar No. 211097
515 South Flower St., 18th Floor
Los Angeles, CA  90071
Tel:     (213) 933-2330
Fax:    (312) 884-7352
william@amintalati.com
matt@amintalati.com

Attorneys for Defendant Impresa Products, LLC

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MED et al, Inc.,<br><br>          Plaintiff,<br><br>v.<br><br>IMPRESA PRODUCTS, LLC.<br><br>          Defendant. | Case No.:  4:23-cv-3574-JSW<br><br>**DEFENDANT IMPRESA PRODUCTS, LLC'S ANSWER**<br><br>**JURY DEMAND** |

Defendant Impresa Products, LLC ("Defendant") hereby answers the allegations of Plaintiff's Complaint as follows:

1. The allegation of jurisdiction in Paragraph 1 constitutes a legal conclusion that requires no response. To the extent a response is deemed required, Defendant admits that Plaintiff purports to state a civil claim arising under the patent laws of the United States, 35 U.S.C. § 101 et seq., but Defendant specifically denies any alleged infringement.

2. Denied.

3. Denied.

4. The allegation of jurisdiction in Paragraph 4 constitutes a legal conclusion that requires no response. To the extent a response is deemed required, Defendant admits that Plaintiff purports to seek the relief stated in Paragraph 4, but Defendant specifically denies any alleged infringement.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint, and therefore, denies each of the allegations.

6. Admitted.

7. The allegations in Paragraph 7 constitute legal conclusions that require no response. To the extent a response is deemed required, Defendants do not contest that this Court has subject matter jurisdiction for the purposes of this action.

8. The allegations in Paragraph 8 constitute legal conclusions that require no response. To the extent a response is deemed required, Defendants do not contest that this Court has personal jurisdiction for the purposes of this action.

9. The allegations in Paragraph 9 constitute legal conclusions that require no response. To the extent a response is deemed required, Defendants do not contest that venue is proper in this judicial district.

10. Admitted.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint, and therefore, denies each of the allegations.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint, and therefore, denies each of the

allegations.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 13 of the Complaint, and therefore, denies the allegation.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint, and therefore, denies each of the allegations.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint, and therefore, denies each of the allegations.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint, and therefore, denies each of the allegations.

17. The allegations in Paragraph 17 constitute legal conclusions that require no response. To the extent a response is deemed required, Defendants admit that issued patents whose maintenance fees have been paid are provided a presumption of validity per 35 U.S.C.§ 282.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint, and therefore, denies each of the allegations.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 19 of the Complaint, and therefore, denies the allegation.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint, and therefore, denies each of the allegations.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation of Paragraph 21 of the Complaint, and therefore, denies the allegations.

22. Defendant admits that Zephyr acquired certain assets from Defendant, including Defendant's registered trademarks and the impresaproducts.com web domain, and otherwise denies the remainder of the allegations of Paragraph 22.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint, and therefore, denies each of the allegations.

24. Defendant is without knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 24 of the Complaint, and therefore, denies each of the allegations.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint, and therefore, denies each of the allegations.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint, and therefore, denies each of the allegations.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint, and therefore, denies each of the allegations.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Defendant repeats each and every response contained in the preceding and following Paragraphs as though fully set forth herein.

43. The allegation of jurisdiction in Paragraph 43 constitutes a legal conclusion that requires no response.

44. Admitted.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

## AFFIRMATIVE DEFENSES

Without conceding that any of the following must necessarily be plead as an affirmative defense, or that any of the following is not already at issue by virtue of the foregoing denials, and without prejudice to Defendant's right to plead additional defenses as discovery into the facts of the matter warrants, Defendant asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

### (Noninfringement)

Plaintiff is not entitled to any relief against Defendant because Defendant has not infringed, is not infringing directly, indirectly, by inducement of infringement or contributory infringement, or in any way (either literally or under the doctrine of equivalents), any valid and enforceable claims of the '404 Patent.

### SECOND AFFIRMATIVE DEFENSE

### (Invalidity)

All asserted claims of the '404 patent are invalid for failure to satisfy one or more of the conditions of patentability set in Title 35 of the United States Code, 35 U.S.C. § 100, et seq., including, but not limited to, §§ 101, 102, 103, and 112.

### THIRD AFFIRMATIVE DEFENSE

### (Laches)

Remedies requested by Plaintiff under the asserted patents are barred by laches.

/ / /

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

Remedies requested by Plaintiff under the asserted patents are barred by estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Marking)

To the extent that Plaintiff and/or its licensees have not complied with the marking requirements of 35 U.S.C. § 287(a), Plaintiff is precluded from recovering damages for alleged infringement, if any, until the date that Plaintiff actually notified Defendant of the alleged infringement.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Join Necessary Party)

Plaintiff's Complaint against Defendant fails to join a necessary party.    - ???? Do we want to allege this -

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests entry of judgment as follows:

1. That the Court dismiss Plaintiff's Complaint with prejudice;

2. That the Court find and declare, and enter judgment, in favor of Defendant and against Plaintiff that Defendant has not infringed the '404 Patent;

3. That the Court find and declare, and enter judgment, in favor of Defendant and against Plaintiff that the '404 Patent is invalid;

4. That this case be declared "exceptional" under 35 U.S.C. § 285 and that Defendant be awarded its attorneys' fees, expenses, and costs incurred in this action;

5. That Plaintiff be ordered to pay all costs associated with this action; and

/ / /

/ / /

/ / /

6. That the Court grant to Defendant such other and further relief as may be deemed just and appropriate.

Dated: September 29, 2023                    **AMIN TALATI WASSERMAN, LLP**

/s/ *William P. Cole*
William P. Cole

*Attorney for Defendant Impresa Products, LLC.*


### JURY DEMAND

Defendant demands trial by jury on all issues so triable.

Dated: September 29, 2023                    **AMIN TALATI WASSERMAN, LLP**

/s/ *William P. Cole*
William P. Cole

*Attorney for Defendant Impresa Products, LLC.*

DEFENDANT IMPRESA PRODUCTS, LLC'S ANSWER

# CERTIFICATE OF SERVICE
(United States District Court)

I hereby certify that on the 29th day of August, 2023, I caused the electronic filing of the foregoing document described as **DEFENDANT IMPRESA PRODUCTS, LLC'S ANSWER,** through the CM/ECF system. The aforementioned document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

*/s/ William P. Cole*
William P. Cole

DEFENDANT IMPRESA PRODUCTS, LLC'S ANSWER